Andrews, J.
It is well settled that when an act complained of, or apprehended, besides being a public nuisance, will be specially injurious to several separate owners of real estate, they can join in an action to restrain the creation of the nuisance. Belknap v. Trimble, 2 Paige, 277; Oakley v. Trustees, 6 id., 262; Catlin v. Valentine, 9 id., 675; Cady v. Conger, 19 N. Y., 256; Milhau v. Sharpe, 27 id., 611; Peck v. Elder, 3 Sanf. S. C. R., 126; Gillespie v. Forrest, 18 Hun, 110; Doolittle v. Supervisors, 18 N. Y., 155.
In Milhau v. Sharpe, supra, such an action was brought by four several owners of lots on Broadway, to prevent the establishment of a surface railroad in that street. The complaint alleged that the defendants threatened to establish such road, and run cars thereon, “to the great injury and damage of the plaintiffs and other property owners on and in said street, and to their and each of their property.” A trial was had, and the court found, among other things, “that the establishment of a railroad in Broadway would be specially injurious to the said property of the plaintiffs and other property similarly situated on the same part of Broadway;” and the judgment of the special term, which granted a perpetual injunction restraining the construction of the road, was affirmed by the general term and the court of appeals.
In Cady v. Conger, supra, the plaintiff, owning a house fronting on a public green, in the village of Waterville, brought an action, in behalf of himself and -of the other inhabitants of the village interested in the preservation of the green, to restrain the defendants from erecting a barn and otherwise encroaching upon it. The judgment of the general term, ordering the defendants’ building, to be abated, and granting a perpetual injunction against further encroachments, was affirmed by the court of appeals.
It does not appear from the report of this case that any question was raised as to the right of the plaintiff to maintain the action, upon the ground that he could not sue in *190 behalf of the other inhabitants of the village as well as of himself; nor does it appear from the report of Milhau v. Sharpe, supra, that any question was raised as to the right of the plaintiff in that case to allege in his complaint, and to prove on the trial, as he apparently did, that the proposed railroad would not only be specially injurious to his property, but also to “other property similarly situated on the same part of Broadway.”
Moreover, section 448 of the Code of Civil Procedure provides that where the question is one of a common or general interest of "many persons, or where the persons who might be made parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all; which provision is in substance a statutory enactment of a former rule of the court of chancery.
In view of this provision, and of the apparently unquestioned form of the complaints and mode of procedure in Milhau v. Sharpe and Cody v. Conger, supra, it seems to me there is no reasonable doubt that the plaintiffs in the case at bar can maintain the present action, not only on their own behalf, but also on behalf of other owners of property situated similarly to their own, who may elect to join herein; and that the various allegations of the complaint in relation to the damage which will be caused to such other owners are not irrelevant.
It was suggested on the argument that some owners of property situated on Broadway and Madison avenue are in favor of the proposed railroad; and if such be the fact, the plaintiffs certainly cannot litigate on behalf of those owners. What admissions as to such owners would be involved in the demurrer to the complaint cannot now be decided, but upon a trial of the action, the plaintiffs of course cannot, on behalf of property owners who favor the road, ask for an injunction restraining its construction. It may be that in this, as in many other cases, the defendant, if it demurs, will be obliged, for the purposes of the demurrer, to admit allegations of the complaint, which, if the demurrer should be overruled, would be contested on the trial, but it does not therefore follow that such allegations should be stricken out as irrelevant.
With regard to the second subdivision of the motion, as the plaintiff is not suing on behalf of the municipality, it seems to me that the allegations of the complaint in reference to the amount of taxes paid to the city are irrelevant.
With regard to the third subdivision of the motion, the words “and to the city,” and the words “and to the municipality,” also seem to me irrelevant.
With "regard to the allegations of the complaint referred *191 to in the fourth, fifth, seventh, eighth and ninth subdivisions of the motion, I am not able to concur in the views of the learned counsel for the defendant.
It is undoubtedly true that the main question to be decided in this case is, whether the statutes under which the defendant claims the right to construct a railroad are constitutional. If such statutes are invalid, because they are unconstitutional, the defendant has no right to construct the proposed road, and if constructed it would, in such case, be a public nuisance. But it is as well settled as anything can be that a private individual cannot maintain an action to restrain the creation or to abate a public nuisance, unless he is specially injured thereby (Doolittle v. Supervisors of Broome County, 18 N. Y., 155; Davis v. The Mayor, 14 id., 506); and the complainant must set forth the facts relied on to establish such special injury; otherwise it will be demurrable.
It was therefore indispensable that the plaintiffs in the present case should state the facts which they claim tend to show that the construction of the proposed railroad will cause them irreparable injury; and if they had merely alleged that the railroad would irreparably injure their property, the defendant could have successfully moved that the complaint be made more definite and certain, or for a bill of particulars of such injury.
The various allegations of the complaint, therefore, set forth in the several subdivisions of the motion last above mentioned, are not irrelevant, because they all show the nature and extent of the irreparable injury, which, it is claimed, will be caused to the plaintiffs by the construction of the proposed road.
With regard to the ninth subdivision of the motion, I am of the opinion that if the defendant desires further or more definite information in regard to the various matters therein referred to, it should move for a bill of particulars.
It follows, from the views above expressed, that the motion, so far as it relates to the allegations concerning payment of taxes, and of injury to the municipality, must be granted, but in all other respects must be denied, without costs to either party.
The order-will be settled on two days notice.